**DISMISS IN PART AND DENY IN PART and Opinion Filed August 18, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00803-CV**

**IN RE ABIGAIL H. VILLARREAL, Relator**

**Original Proceeding from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-19-0358**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Carlyle

Before the Court is relator's August 16, 2023 Petition for Writ of Habeas Corpus or, Alternatively, for Writ of Mandamus. In five issues, relator challenges the trial court's August 4, 2023 Order to Enforce Possession, Access, and Residence Restriction. Also before the Court is relator's August 16, 2023 Emergency Motion to Suspend Order of Confinement Pending This Court's Review of Petition for Habeas Corpus / Mandamus.

Contempt orders are reviewable only by writ of mandamus or habeas corpus because they are not appealable. *In re Janson*, 614 S.W.3d 724, 727 (Tex. 2020)

(orig. proceeding) (per curiam). In this instance, relator filed a combined petition for writ of habeas corpus and petition for writ of mandamus.

With respect to relator's petition for writ of habeas corpus, relator must provide proof that she is being restrained. *See* TEX. R. APP. P. 52.3(k)(1)(D); TEX. GOV'T CODE ANN. § 22.221(d). Relator argues that she is being restrained because she could not embark on a one-week cruise today as she would supposedly be subject to arrest when she presented herself to immigration officials upon the ship's return to the United States. We do not find her argument persuasive. We conclude the record contains no proof that relator is being restrained. *See* TEX. R. APP. P. 52.3(k)(1)(D); TEX. GOV'T CODE ANN. § 22.221(d). Accordingly, we dismiss relator's petition for writ of habeas corpus for want of jurisdiction.

When, as in this case, the contemnor is not being restrained, the proper vehicle to challenge the contempt order is a petition for writ of mandamus. *In re Rigg*, No. 05-21-00342-CV, 2022 WL 908951, at \*4 (Tex. App.—Dallas Mar. 29, 2022, orig. proceeding) (mem. op.). To obtain mandamus relief, the contemnor must show the trial court abused its discretion. *Id*. After reviewing relator's petition and the record before us, we conclude that relator has failed to demonstrate entitlement to mandamus relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

We also deny relator's emergency motion as moot.


/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

230803F.P05